```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

US FOODS, INC.,                    )
                                   )
                                   )
      v.                           )    No.  13 C 6279
                                   )
SCRIPPS NETWORKS INTERACTIVE,      )
INC., et al., etc.,                )
                                   )
            Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

When counsel for the litigants appeared for the previously set November 26 status hearing, this Court was aware that defendants Scripps Networks Interactive, Inc. and Scripps Networks, LLC (collectively "Scripps Networks") had abandoned any use of the trademark "Food Fanatics," the alleged infringement of which had been the gravamen of the Complaint brought against them by US Foods, Inc. ("US Foods"). Accordingly this Court had anticipated the prospect that the controversy between the parties had been resolved. Although defense counsel orally expressed a like mindset during the November 26 hearing, US Foods' counsel voiced a different view, so that the case was set over for a next status hearing on January 10, 2014.

In the interim Scripps Networks have filed a lengthy Answer, Affirmative Defenses ("ADs") and Counterclaims in response to US Foods' Complaint. Because their responsive pleading is problematic in several respects (no view is expressed here as to the Counterclaims, a subject that will be left for US Foods to

address), this memorandum opinion and order is issued sua sponte to treat with some aspects of the Answer and ADs.

To begin with, Scripps Networks' counsel have engaged in an impermissible use of the disclaimer that is available under Fed. R. Civ. P. ("Rule") 8(b)(5) to excuse a party's noncompliance with the obligations imposed by Rule 8(b)(1)(B) where that is appropriate. Although the Answer tracks the language of Rule 8(b)(5) faithfully, it impermissibly follows each invocation of that provision with the clause "and therefore deny this allegation." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Hence the quoted phrase is stricken wherever it appears in the Answer (although this Court's review of the pleading may have missed some instances of the improper usage, it has noted the presence of the offending language in Answer ¶¶1, 2, 9, 11, 14 (and in its subparagraphs), 15, 16, 17, 18's subparagraphs, 19, 22, 31 (in certain of its subparagraphs), 34, 35 and 36). There appears to be no need to file an amendment to the Answer (let alone an Amended Answer) to cure the problem--striking the clause will suffice.

Next, although this Court has admittedly not scoured the Answer to find all the instances of still another flaw found

there, Answer ¶¶4 and 5 (for example) conclude in this fashion:

> Defendants deny all remaining allegations in paragraph--.

But the problem with that locution is that there don't appear to be any "remaining allegations" in those paragraphs, because the admissions already contained in the Answer's corresponding paragraphs cover the entire waterfront.[1] This problem is one that defense counsel ought to review to see whether there are other instances of such a meaningless denial--and if so, that should serve as the basis for an amendment to the existing Answer.

Next, Answer ¶¶6 and 7 reflect a mistaken view of the basic concept of subject matter jurisdiction and mootness where a defendant has abandoned conduct that allegedly infringes a plaintiff's intellectual property interests. Caselaw has sometimes applied mootness principles where a governmental agency represents that it has ceased activity that violates a plaintiff's rights, but that is done on the premise that government actors are to be trusted not to resume the offending activity in the future. Where as here Scripps Networks are private litigants, a plaintiff such as US Foods is entitled to seek and obtain injunctive relief against such a future

---

[1] There is certainly no occasion to return to the era when an excess of caution sometimes led to wearing both a belt and suspenders.

resumption.[2]

Finally this Court turns to a few of Scripps Networks' ADs (most of which appear to pose no problems). Here are ADs that this Court views as problematic:

1. AD 1 asserts claimed mootness, a subject already dealt with in this opinion. It is stricken.[3]

2. AD 6 reflects an overexpansive view of "the equitable doctrine of unclean hands." Although some other label or labels may be suitable to describe possible issues addressed in that paragraph, a rewrite is called for.

In summary, Scripps Networks' counsel need to return to the drawing board to deal with some of the flaws that have been identified here. Their amendment to the Answer and ADs to address those matters is ordered to be filed on or before December 19, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 5, 2013

---

[2] It should be emphasized that what has been said in the text is not intended to express any substantive view on the merits of the dispute between the parties.

[3] As with Scripps Networks' Counterclaims, no view is expressed here as to the substantive merit or lack of merit in the ADs not addressed in the ensuing text.

4